UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | 2:03CR19(23) |
| | § | |
| COREY WILBERT | § | |

**REPORT AND RECOMMENDATION OF**
**THE UNITED STATES MAGISTRATE JUDGE**

On April 15, 2007, the court held a hearing on the government's petition (#1019) to revoke supervised release. The government was represented by Assistant United States Attorney Mr. Richard Moore. The defendant was represented by Mr. Wayne Dickey.

Corey Wilbert was sentenced on August 31, 2004, before The Honorable U.S. District Judge T. John Ward of the Eastern District of Texas – Marshall Division, after pleading guilty to the offense of possession with intent to distribute and distribution of cocaine base, a Class C felony. This offense carried a statutory maximum imprisonment term of 20 years. The guideline imprisonment range, based on a total offense level of 20 and a criminal history category of IV, was 51 to 63 months. Corey Wilbert was subsequently sentenced to 58 months imprisonment followed by three (3) years of supervised release subject to the standard conditions of release, plus special conditions to include mandatory drug testing and drug treatment. On February 16, 2007, Corey Wilbert completed his period of imprisonment and began service of the supervision term.

On November 1, 2007, the instant petition to revoke was filed. In its petition, the government alleges the defendant violated the following conditions:

1) The defendant shall not commit another federal, state or local crime. Specifically, the

government alleges as follows: On or about April 24, 2007, Corey Wilbert was arrested by the Marshall Police Department for Assault-Family Violence, a Class A misdemeanor. On September 1, 2007, Corey Wilbert was arrested by the Marshall Police Department for Assault-Family Violence, a Class A misdemeanor and Interference with Emergency Telephone Call, a Class A misdemeanor.

2) The defendant shall report to the probation officer as directed by the Court or probation officer, and shall submit a truthful and complete written report within the first five days of each month. Specifically, the government alleges as follows: Mr. Wilbert did not provide a monthly supervision report for August and September, 2007.

3) The defendant shall participate in a program of testing and treatment of drug abuse, under the guidance and direction of U.S. Probation Office, until such time as the defendant is released from the program by the probation officer. Specifically, the government alleges as follows: Mr. Wilbert failed to attend drug treatment, as required, for the months of July and August 2007.

The court scheduled an Initial Appearance on Supervised Release Violation hearing for April 15, 2007. At the hearing on the government's petition, and after consenting to the undersigned's taking the plea, the defendant pled true to the second and third allegations as set forth above. After his plea of true to the second and third allegations, the government abandoned the remaining allegation. Based on the defendant's plea of true to the allegations, and with no objection by the defendant or the government, the court found that the defendant did violate his conditions of supervised release as alleged in the U.S. Probation Office's petition.

The court thereafter recommended that the defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of eight (8) months, with no term of supervised release to follow such term of imprisonment. Based on the foregoing, it is

**RECOMMENDED** that the defendant's plea of true to the second and third allegations as set forth in the government's petition be **ACCEPTED**. Based upon the defendant's plea of true to these allegations, it is further recommended that the court find that the defendant violated the conditions of his supervised release. It is further

**RECOMMENDED** that the defendant's supervised release be **REVOKED**. It is further

**RECOMMENDED** that the defendant be committed to the custody of the Bureau of Prisons, to be imprisoned for a term of eight (8) months, with no term of supervised release to follow such term of imprisonment. It is further

**RECOMMENDED** that the court request that the Bureau of Prisons place the defendant in its Texarkana, Texas facility during the term of his confinement.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within ten days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglas v. United States Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

SIGNED this 22nd day of April, 2008.

_____
CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE